Garcia Pleitez v. Bondi

BIA
A206 471 685

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-five.

PRESENT:
>JON O. NEWMAN,
>JOSEPH F. BIANCO,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

JUAN EMILIO GARCIA PLEITEZ,
>*Petitioner,*

v. 22-6520
NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

**FOR PETITIONER:**          Juan Emilio Garcia Pleitez, pro se, Schenectady, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristin Moresi, Senior Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Emilio Garcia Pleitez, a native and citizen of El Salvador, seeks review of a September 28, 2022 decision of the BIA denying his motion to reopen his removal proceedings for consideration of additional evidence in support of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Garcia Pleitez*, No. A 206 471 685 (B.I.A. Sept. 28, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the denial of Garcia Pleitez's motion to reopen, *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005), which we review for abuse of discretion.

2

*Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The motion "shall not be granted unless it appears . . . that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The BIA does not abuse its discretion in denying reopening when the movant fails to demonstrate prima facie eligibility for the relief sought. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988). An applicant seeking consideration of additional evidence in support of a previously denied claim must meet a "heavy burden" by demonstrating that "the new evidence offered would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008).

## A.    Withholding of Removal

The BIA did not abuse its discretion in denying Garcia Pleitez's motion to reopen and concluding that Garcia Pleitez's new evidence, a 2020 Human Rights Watch Report discussing dangers facing Salvadorans deported from the United

3

States, was unlikely to result in a grant of withholding of removal.

An applicant for withholding of removal has the burden to show that he is more likely than not to be persecuted on account of a protected ground, here, membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021). Even assuming, as Garcia Pleitez argues, that the BIA overlooked his arguments that he will be targeted by gangs because he is a member of a particular social group of "expatriates of El Salvador who have resided for lengthy periods of time in the United States," Garcia Pleitez fails to establish that his proposed social group is cognizable—that is, has "a common immutable characteristic," is "defined with particularity," and is "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

Assuming that Garcia Pleitez's social group is cognizable, he fails to show that the protected ground of membership in the expatriate community in El Savador is "at least one central reason" for the claimed persecution. *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). The BIA has found that harm

4

motivated by wealth does not constitute persecution. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (distinguishing between harm inflicted "because of [the victim's] class status" and harm inflicted "merely because that's where the money is"). Garcia Pleitez did not present evidence that gangs target former U.S. residents for extortion because of an animosity toward people with that trait, as opposed to a belief that these people are likely to have money. *See Quituizaca*, 52 F.4th at 114–16 (record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (explaining that an "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's" protected characteristic); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome"). Therefore, remand is not warranted on this ground.

**B. CAT**

Nor did the BIA abuse its discretion in concluding that the new evidence

was unlikely to result in a grant of CAT relief. A CAT applicant "bears the burden of proving" that "he more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021); *see also* 8 C.F.R. § 1208.18(a)(1), (2) (defining torture).

Garcia Pleitez argues that the BIA overlooked, mischaracterized, or otherwise failed to adequately address evidence showing a likelihood of gang violence (including torture) against people similarly situated to himself.[1] Garcia Pleitez argues that the BIA only referred to the evidence as relating to abuses of deportees by criminals, while the evidence also discussed abuses by public officials. That argument is without merit. As a preliminary matter, we do not require the agency to explicitly discuss all evidence in the record, and "we presume that [it] has taken into account all of the evidence . . . , unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Moreover, the BIA's discussion of the evidence was

---

[1] Given this argument, we disagree with the Government's position that Garcia Pleitez has abandoned his CAT claim.

6

responsive to Garcia Pleitez's argument that he was at risk of extortion and violence primarily perpetrated by gangs, with the participation or acquiescence of public officials. Further discussion was not required under the circumstances because the evidence principally concerned deportees with additional characteristics that Garcia Pleitez did not allege that he shared—for example, deportees who were gay, tattooed, or former or current gang members. The new evidence did not, for example, purport to show that more than half of deportees are subjected to torture; thus, absent additional evidence that Garcia Pleitez is likely to be singled out for abuse, the record was insufficient to establish a likelihood of torture. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear is "speculative at best."); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003) (A CAT applicant "must establish that there is greater than a fifty percent chance (i.e. that it is 'more likely than not') that he will be tortured upon return to his or her country of origin." (quoting 8 C.F.R. § 1208.16(c)(4))).

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

8